# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

VS HOLDING CO., f/k/a Alliance Concrete, Inc.,

    Defendant.

No. CR11-4091-MWB

**REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY**

_____

On July 8, 2011, a representative of the above-named defendant corporation, by consent, appeared before the undersigned United States Magistrate Judge pursuant to Federal Rule of Criminal Procedure 11, and entered a plea of guilty to Count One of the Information. After cautioning and examining the representative of the defendant corporation under oath concerning each of the subjects mentioned in Rule 11, the court determined that the guilty plea was knowledgeable and voluntary, and the offense charged was supported by an independent basis in fact containing each of the essential elements of the offense. The court therefore **RECOMMENDS** that the plea of guilty be accepted and the defendant corporation be adjudged guilty.

At the commencement of the Rule 11 proceeding, the representative for the defendant corporation was placed under oath and advised that if he answered any questions falsely, he could be prosecuted for perjury or for making a false statement. He also was advised that in any such prosecution, the Government could use against him and the corporation any statements he made under oath.

The representative for the defendant corporation acknowledged that he had received a copy of the Information, and he had fully discussed these charges with the corporation and its attorneys, and he acknowledged that the corporation had waived its right to have

the charge brought in an Indictment, and had agreed that the charge could be brought in an Information.

The court determined that there was no plea agreement.

The representative for the defendant corporation was advised also that after its plea was accepted, the corporation would have no right to withdraw the plea at a later date, even if the sentence imposed was different from what the corporation or its counsel anticipated.

The court summarized the charge against the defendant corporation, and listed the elements of the crime. The court determined that the representative for the defendant corporation understood each and every element of the crime, ascertained that its counsel had explained each and every element of the crime fully to him and to the corporation, and he confirmed that he understood each and every element of the crime charged.

The court then had the attorney for the government elicit a full and complete factual basis for all elements of the crime charged in each Count of the Information to which the defendant corporation was pleading guilty.

The court advised the representative for the defendant corporation of the consequences of his plea, including the maximum fine, the maximum term of imprisonment, and the possibility that restitution could be ordered. Because this charge involves fraud or other intentionally deceptive practices, the defendant corporation was advised that the court also could order it to provide notice of the conviction to victims of the offense.

With respect to Count **One**, the defendant corporation was advised that

a. the maximum fine is **$100,000,000** if a corporation, or, if any other person, **$1,000,000**;

b. or by imprisonment not exceeding **10 years**, or by both said punishments, in the discretion of the court. The maximum fines may be increased to twice

      the gain derived from the crime or twice the loss suffered by the victims of the crime if either of those amounts is greater than the statutory maximum fines. *See* 18 U.S.C. § 3571(d)

  c.  As a corporate entity, the defendant will be required to pay a special assessment of **$400.00**. *See* 18 U.S.C. § 3013(a)(2)(B), and will be sentenced to a fine or both a fine and probation. *See* 15 U.S.C. §1; 18 U.S.C. §3551( c).

  d.  Pursuant to 18 U.S.C. § 3571( c)(1), the Court may impose a term of probation of at least **one year**, but not more than **five years**.

  e.  The defendant corporation may also be ordered to pay restitution to the victims of the offense under 18 U.S.C. § 3563(b)(2).

The representative of the defendant corporation acknowledged that he understood all of the above consequences. He acknowledged that he understood all of the consequences.

The court also explained to the representative for the defendant corporation that the district judge would determine the appropriate sentence for the corporation at the sentencing hearing. He confirmed that he understood the court would not determine the appropriate sentence until after the preparation of a presentence report, which the parties would have the opportunity to challenge. He acknowledged that he understood the sentence imposed might be different from what the corporation's attorney had estimated. The representative of the defendant corporation also was advised that both the corporation and the Government would have the right to appeal the sentence.

The representative for the defendant corporation indicated he had fully conferred fully with the corporation's counsel and he was fully satisfied with counsel. He acknowledged that the corporation had been advised fully of its right to plead not guilty, and to have a jury trial, including:

1. The right to assistance of counsel at every stage of the pretrial and trial proceedings;

2. The right to a speedy, public trial;

3. The right to have the case tried by a jury selected from a cross-section of the community;

4. That the corporation would be presumed innocent at each stage of the proceedings, and would be found not guilty unless the Government could prove each and every element of the offense beyond a reasonable doubt;

5. That the Government could call witnesses into court, but the defendant's attorney would have the right to confront and cross-examine these witnesses;

6. That the representatives of the defendant would have the right to see and hear all witnesses presented at trial;

7. That the defendant would have the right to subpoena defense witnesses to testify at the trial;

8. That any verdict by the jury would have to be unanimous;

10. That the corporation would have the right to appeal.

The representative of the defendant corporation also was advised that if the corporation pled guilty, there would be no trial, and it would waive all the trial rights just described and be adjudged guilty without any further proceedings except for sentencing.

The representative of the defendant corporation then confirmed that the corporation's decision to plead guilty was voluntary and was not the result of any promises; no one had promised what the sentence would be; and the corporation's decision to plead guilty was not the result of any threats, force, or anyone pressuring the corporation to plead guilty.

The representative of the defendant corporation then confirmed that the corporation still wished to plead guilty, and on behalf of the corporation, he pled guilty to Count One of the Information.

The court finds the following with respect to the guilty plea:

1. The guilty plea is voluntary, knowing, and not the result of force, threats or promises.
2. The defendant corporation is aware of the maximum punishment.
3. The defendant corporation knows its jury rights.
4. The defendant corporation has voluntarily waived its jury rights.
5. There is a factual basis for the plea.
6. The defendant corporation is, in fact, guilty of the crime to which it has pled guilty.

The representative of the defendant corporation was advised that a written presentence investigation report would be prepared to assist the court in sentencing. He was told that the corporation and its counsel would have an opportunity to read the presentence report before the sentencing hearing and to object to the contents of the report, and would be afforded the opportunity to present evidence and be heard at the sentencing hearing.

The representative of the defendant corporation was advised that the failure to file written objections to this Report and Recommendation within 14 days of the date of its service would bar the corporation from attacking this court's Report and Recommendation, which recommends that the assigned United States District Judge accept the defendant corporation's plea of guilty. A copy of this Report and Recommendation was served on the defendant corporation and its attorney on this date.

**DONE AND ENTERED** at Sioux City, Iowa, this 8th day of July, 2011.

_[signature]_

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT